IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA UNDERWOOD ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 2:09 cv 00334-WHA-CSC |
| ) | |
| **v.** ) | |
| ) | |
| ACXIOM CORPORATION, ) | |
| TRANS UNION, LLC ) | |
| ) | |
| **Defendants.** ) | |

## ACXIOM'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Acxiom Corporation ("Acxiom"), by its attorneys, as its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. **Introduction:** The Plaintiff is a class member in In Re: TransUnion [sic] Corporation Privacy Litigation, MDL 1350, Master Case No. 00-CV-4729 in the United States District Court of Illinois, Eastern Division (hereinafter know as Settlement Fund Action).

**ANSWER:** Acxiom admits that consolidated multi-district class-action litigation is pending in the U.S. District Court for the Northern District of Illinois, Eastern Division, captioned *In re: Trans Union Corp. Privacy Litigation*, Case No. 00-CV-4729, MDL Docket No. 1350 (hereinafter "MDL Litigation"). Acxiom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

2. This action is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter known as FCRA).

**ANSWER:** Acxiom admits that the Complaint purports to be brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

3. Target Marketing is a practice wherein consumers are identified by, among other criteria, targeted financial criteria and/or demographic traits for the purpose of selling and/or advertising goods and/or services, or soliciting charitable and/or political contributions, directly to consumers by mail, telephone and/or other means. A Firm Offer means an offer of credit and/or insurance to a consumer regulated by Section 604(c) of the FCRA [16 U.S.C § 1681 b(c)].

**ANSWER:** Acxiom admits that, by the first sentence of this paragraph, the Complaint purports to provide one possible definition of the term "Target Marketing," but denies that it is a complete or accurate definition of that term for all purposes. Acxiom further admits that, by the second sentence of this paragraph, the Complaint purports to define the term "Firm Offer," and further admits that the definition of "Firm Offer" provided in the Complaint is the same as the definition for that term provided in the Stipulation of Settlement entered into by the parties in the MDL Litigation, but denies that it is a complete or accurate definition of that term for all purposes. Acxiom denies the remaining allegations of this paragraph.

4. The Defendants distributed Target Marketing lists and/or other related information concerning Firm Offer claims and/or concerning the Plaintiff.

**ANSWER:** Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

5. The instant action is filed within two (2) years of the Final Approval of the Settlement Fund Action and is therefore timely filed.

**ANSWER:** Acxiom admits that the instant action was filed within two (2) years of the date the U.S. District Court for the Northern District of Illinois entered an order finally

approving the Stipulation of Settlement entered into by the parties in the MDL Litigation. The remaining allegations of this paragraph state a legal conclusion to which no answer is required. To the extent that an answer is required, Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, in part because the pending appeals to the Seventh Circuit Court of Appeals of the order finally approving the Stipulation of Settlement currently make uncertain whether Plaintiff can invoke the rights accorded to her thereunder, and therefore, Acxiom denies the allegations of this paragraph.

6. ***PARTIES:*** The Plaintiff is a consumer who had an open credit account and/or an open line of credit from a credit grantor located in the United States at any time during the period 01 JANUARY 1987 to 28 MAY 2008. The Plaintiff is not related to Acxiom Corporation or TransUnion [sic] L.L.C., their predecessors, affiliates, subsidiaries, officers, directors, and/or employees. The Plaintiff is not counsel for any of the parties in the Settlement Fund Action. The Plaintiff was not a judge or justice assigned to hear any aspect of the Settlement Fund Action, nor their staff, the spouses of the foregoing, or any child residing in their households.

**ANSWER:** Acxiom admits on information and belief that the Plaintiff is not counsel for any of the parties and was not a judge or justice assigned to hear any aspect of the "Settlement Fund Action," as that phrase is used by Plaintiff. Acxiom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

7. The Defendants negligently and/or willfully violated the provisions of the FCRA; invaded the Plaintiff's privacy and were unjustly enriched as a result.

**ANSWER:** Acxiom denies the allegations contained in this paragraph.

8. The Plaintiff was proximately injured by the Defendants' actions.

3

**ANSWER:** Acxiom denies the allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE
(Due Process)

The proposed restriction on Acxiom's distribution of lists of consumer information for marketing purposes is a patently arbitrary classification, utterly lacking in rational justification and bearing no rational relationship to any legitimate governmental interest in violation of the Due Process rights granted to Acxiom by the United States Constitution.

## SECOND AFFIRMATIVE DEFENSE
(Unconstitutional Vagueness)

The interpretations of the FCRA upon which the Complaint is based are unconstitutionally vague and thus violate the Due Process Clause rights granted to Acxiom by the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE
(Vagueness Precluding Finding Of Maliciousness or Willfulness)

The vagueness of the FCRA with respect to Acxiom's practices put in issue by the Complaint preclude a finding that Acxiom's conduct was malicious or willful.

## FOURTH AFFIRMATIVE DEFENSE
(Consent)

The Complaint and each cause of action purportedly alleged therein are barred to the extent that Plaintiff has not excluded her name from the distribution of lists of consumer information for marketing purposes.

## FIFTH AFFIRMATIVE DEFENSE
(Statutes of Limitations)

The Complaint and each cause of action purportedly alleged therein are barred by the applicable statutes of limitations, including, without limitation, 15 U.S.C § 1681p.

## SIXTH AFFIRMATIVE DEFENSE
(Free Speech)

The interpretations of the FCRA upon which the Complaint is based violate the Free Speech Clause of the First Amendment to the United States and Alabama Constitutions.

## SEVENTH AFFIRMATIVE DEFENSE
(Unconstitutional Overbreadth)

The interpretations of the FCRA upon which the Complaint is based are unconstitutionally overbroad and thus violate the Due Process rights granted to Acxiom by the United States and Alabama Constitutions.

## EIGHTH AFFIRMATIVE DEFENSE
(Violation of Due Process - Excessive Penalty)

Plaintiff's demands for statutory, compensatory, and punitive damages are unconstitutional because they seek to impose a penalty that is excessive in violation of the Due Process rights granted to Acxiom by the United States and Alabama Constitutions.

## NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff has failed to mitigate her damages due to her failure to exclude her name from inclusion on lists of consumer information for marketing purposes, and to the extent of such failure to mitigate, any relief awarded under the Complaint should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
(Waiver)

The Complaint and each cause of action purportedly alleged therein are barred by the acts and conduct of the plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
(FCRA Preemption)

The Complaint and each cause of action purportedly alleged therein are barred by §§ 1681h(e) and 1681t of the FCRA.

## TWELFTH AFFIRMATIVE DEFENSE
(No Duplicative Recovery)

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting Acxiom to the possibility of multiple recoveries, such recovery is barred by the United States and Alabama Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Equal Protection)

The interpretations of the FCRA upon which the Complaint is based are unconstitutionally vague or overbroad in violation of Acxiom's rights to Equal Protection guaranteed by the United States and Alabama Constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Claims for Punitive Damages and Unjust Enrichment Barred)

Plaintiff's requests for punitive damages and for payment of amounts by which Acxiom was allegedly unjustly enriched are barred by the Order Granting Final Approval of Settlement and Final Judgment, ¶ 21, in the MDL Litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Improper Venue)

Venue in this Court is not proper.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's Complaint fails to state a claim on which relief can be granted.

WHEREFORE, Acxiom prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint;

2. That Acxiom be awarded all costs incurred herein;

3. That Acxiom be awarded attorneys' fees as allowed by law; and

4. That the Court award such other and further relief as it deems just and proper.

Dated: April 24, 2009

                                    Respectfully submitted,


                                    /s/Chad W. Bryan
                                    Counsel for Defendant Acxiom Corporation

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069 (36102-2069)
Montgomery, Alabama
Telephone: (334) 241-8034
Facsimile: (334) 241-8234
E-mail: cwb@chlaw.com


ROSE LAW FIRM
Amy Lee Stewart
Arkansas Bar No. 88167
Meredith Blaise Rebsamen
Arkansas Bar No. 2004074
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309

## CERTIFICATE OF SERVICE

I, Chad W. Bryan, hereby certify that on this 24th day of April, 2009, I caused a copy of the foregoing Answer to Complaint and Affirmative Defenses to be filed electronically with the Clerk of Court via ECF, which shall send notification of such filing to the following attorneys of record:

Charles A. Dauphin
Joseph D. Jackson, Jr.
BAXLEY, DILLARD, DAUPHIN,
MCKNIGHT & JAMES
2008 Third Avenue S.
Birmingham, AL 35233

ATTORNEYS FOR TRANS UNION LLC

Brandon L. Blankenship
ATTORNEY AT LAW
2001 Park Place North, Suite 825
Birmingham, AL 35203-2774

ATTORNEY FOR PLAINTIFF

/s/ Chad W. Bryan
Chad W. Bryan